UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAZ LLC, ET AL.                                         CIVIL ACTION

VERSUS                                                  NO. 21-1893

MT. HAWLEY INSURANCE COMPANY                            SECTION "B"(4)

ORDER AND REASONS

Before the Court are defendant Mt. Hawley Insurance Company ("Mt. Hawley")'s motion to dismiss for failure to state a claim (Rec. Doc. 11) and plaintiffs' response in opposition (Rec. Doc. 12).

For the reasons discussed below,

**IT IS ORDERED** that defendant Mt. Hawley's motion to dismiss pursuant to Rule 12(b)(6) (Rec. Doc. 11) will be **GRANTED**, dismissing plaintiffs' original claims against Mt. Hawley without prejudice, unless and provided no later than June 10, 2022, plaintiffs file an amended complaint correcting deficiencies noted below.

I.   **FACTS AND PROCEDURAL HISTORY**

On October 28, 2020, Hurricane Zeta hit Metairie, Louisiana. *See* Rec. Doc. 1 at 3. Plaintiffs NAZ, LLC ("NAZ") and Shamsnia Neurology, LLC ("Shamsnia Neurology"), Louisiana limited liability companies registered and doing business in Louisiana, and plaintiff Morteza Shamsnia, an adult citizen of Jefferson Parish

1

in Louisiana, allege that the storm damaged real and personal property located at 2905 and 2909 Kingman Street, Metairie, Louisiana 70006 ("Kingman Street properties"). *Id.* at 2-3. Specifically, Shamsnia observed water damage inside the buildings and located a hole in the roof of one of the properties. *Id.* at 3. In December 2019, defendant Mt. Hawley, an Illinois insurance company, issued a commercial insurance policy, bearing policy number MCP0168598, for the Kingman Street properties. *Id.* at 2-3; *see also* Rec. Doc. 11-2 at 3.[1] NAZ is the named insured on Mt. Hawley's insurance policy. Rec. Doc. 11-2 at 3.

On December 10, 2020, Shamsnia notified Mt. Hawley about the hurricane related damage. Rec. Doc. 1 at 3. Mt. Hawley then sent a forensic engineer to inspect the Kingman Street properties on January 6, 2021. *Id.* The engineer found that the roofs "were not 'functionally damaged' by the winds of Hurricane Zeta." *Id.* Instead, the engineer attributed the water damage and the hole in the roof to inadequate maintenance. *Id.*

---

[1] The Court may consider Mt. Hawley's insurance policy when deciding this motion to dismiss even though it was not attached to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. In this case, that would normally include the insurance contracts, since those documents were not attached to the complaints. But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss." (citation omitted) (internal quotation marks omitted)).

Plaintiffs filed a complaint on October 15, 2021 alleging that as a result of Mt. Hawley's "claims handling practices," Mt. Hawley is liable for general and special damages and attorney's fees "as provided for by the laws of Louisiana or any applicable law including but not limited to La. R.S. 22:1892 et seq. and La. R.S. 22:1973." *Id.* at 4. Further, plaintiffs claim that Mt. Hawley's "failure to properly and justly pay" plaintiffs' claim "is in bad faith, arbitrary, capricious, without probable cause and violates the duty of good faith and fair dealing." *Id.* On January 27, 2022, defendant filed the instant motion to dismiss for failure to state a claim. Rec. Doc. 11.

**II.   LAW AND ANALYSIS**

   **A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Shamsnia and Shamsnia Neurology

Mt. Hawley contends that Shamsnia and Shamsnia Neurology lack "contractual standing to assert a breach of contract claim against Mt. Hawley" because those entities are not named insureds, additional insureds, loss payees, mortgagees, or third-party beneficiaries of the Mt. Hawley insurance policy. Rec. Doc. 11-1 at 5-7. In response, plaintiffs state that they do not oppose Mt. Hawley's motion to dismiss the claims of Shamsnia and Shamsnia Neurology. Rec. Doc. 12 at 1, 7. Accordingly, the Court dismisses as unopposed the claims of Shamsnia and Shamsnia Neurology.

4

**C. Breach of Insurance Contract Claim**

"In Louisiana, a breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 2010-0986, p. 14 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108-09). "The first two elements of a breach-of-contract claim, obligation and breach, 'involve[] issues of both contractual interpretation as a matter of law, as well as questions of fact regarding whether the actions of the parties actually constituted the alleged breach under the applicable contractual terms.'" *Id*. (quoting *Mobil Expl. & Producing U.S. Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A)*, 2001-2219, p. 16 (La. App. 1 Cir. 11/20/02); 837 So. 2d 11, 26). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Whitney Bank v. SMI Cos. Glob., Inc.*, 949 F.3d 196, 205 (5th Cir. 2020) (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)); *see also Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (quoting *Louque*, 314 F.3d at 782).

Plaintiffs argue that the complaint states a plausible claim of relief for NAZ because it alleges that Mt. Hawley's insurance

5

contract provides coverage for the Kingman Street properties. Rec. Doc. 12 at 5; Rec. Doc. No. 1 at 3. Plaintiffs further cite to their allegations that the Kingman Street properties suffered water damage during Hurricane Zeta and Mt. Hawley refused to properly pay plaintiffs' insurance claim because the property damage allegedly did not stem from Hurricane Zeta. Rec. Doc. 12 at 5-6; Rec. Doc. No. 1 at 3. However, plaintiffs do not reference a specific provision of the insurance contract that Mt. Hawley allegedly breached. Rec. Doc. 1 at 3-5. Without a particular reference to a contract provision, plaintiffs proffered facts, standing alone, are insufficient to state a claim for breach of an insurance contract under Louisiana law. *See*, *e.g.*, *Louque*, 314 F.3d at 782. Accordingly, unless plaintiff files an amended complaint that corrects the noted deficiencies by June 10, 2022, Mt. Hawley's motion to dismiss NAZ's attempted breach of the insurance contract claim will be granted.

### D. Duty of Good Faith and Fair Dealing Claim

Under Louisiana law, "[a]n insurer . . . owes to his insured a duty of good faith and fair dealing." La. R.S. § 22:1973(A). "The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." *Id.* Moreover, "under Revised Statute § 22:1892, an

6

insured has a cause of action for penalties if it can 'show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause.'" *NAZ, L.L.C. v. United Nat'l Ins. Co.*, 779 F. App'x 200, 204 (5th Cir. 2019) (quoting *Guillory v. Lee*, 2009-0075, p. 30 (La. 6/26/09); 16 So. 3d 1104, 1126); *see also Fisk Elec. Co. v. Woodrow Wilson Const. Co., Inc.*, 816 F.3d 311, 315 (5th Cir. 2016). Arbitrary, capricious, or without probable cause "describes an insurer whose willful refusal of a claim is not based on a good-faith defense." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 635 (5th Cir. 2013) (quoting *La. Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453, p. 14 (La. 12/2/08); 999 So.2d 1104, 1114). Louisiana law dictates that "penalties should be imposed only when the facts negate probable cause for nonpayment, not when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Id.* "When there are substantial, reasonable, and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause."

Furthermore, "to recover under La. R.S. 22:1973 and La. R.S. 22:1892, a plaintiff must first have a valid, underlying,

7

substantive claim upon which insurance coverage is based." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021) (quoting *Pelle v. Munos*, 2019-0549, p. 16 (La. App. 1 Cir. 2/19/20); 296 So. 3d 14, 25). "The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim." *Id*. Moreover, "[b]reach of contract is a condition precedent to recovery for the breach of the duty of good faith." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010) (applying Louisiana law). In conclusion, "when a breach of insurance contract fails, a bad faith claim shall likewise fail." *Q Clothier*, 535 F. Supp. 3d at 588.

As explained above, plaintiffs have not stated a predicate breach of contract claim under Louisiana law that would warrant the recovery of penalties pursuant to Louisiana Revised Statutes 22:1973 and 22:1892. Additionally, plaintiffs' complaint is devoid of factual details which plausibly state that Mt. Hawley violated Louisiana Revised Statutes 22:1973 and 22:1892. *See generally* Rec. Doc. 1. Plaintiffs allege that Mt. Hawley's "failure to properly and justly pay [NAZ's] claim is in bad faith, arbitrary, capricious, without probable cause and violates the duty of good faith and fair dealing." *Id.* at 4. These allegations are nothing more than a conclusory recitation of the statutory language. Simply stating a conclusory allegation that Mt. Hawley's actions were

8

arbitrary or that Mt. Hawley breached a duty, without providing factual allegations in support, is insufficient to state a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, the few facts included in plaintiffs' complaint suggests that Mt. Hawley denied the claim based on the inspection of its forensic engineer, which found that the Kingman Street properties "were not 'functionally damaged' by the winds of Hurricane Zeta," and on the contention that plaintiffs did not adequately maintain the Kingman Street properties. Rec. Doc. 1 at 3. "An insurer's failure to pay does not meet [the standard of arbitrary, capricious, or without probable cause] when the insurer has a reasonable basis to defend against the claim." *NAZ*, 779 F. App'x at 205. Plaintiffs have failed to plead facts that allow the Court to draw a reasonable inference that Mt. Hawley is liable for the misconduct alleged. *See generally* Rec. Doc. 1. Accordingly, unless an amended complaint is filed as directed herein, Mt. Hawley's motion to dismiss NAZ's attempted claims for penalties pursuant to Louisiana Revised Statutes 22:1973 and 22:1892 will be granted.

### E. Request to Amend Complaint

Lastly, plaintiffs request the opportunity to amend their complaint to "provide additional factual details concerning

9

[NAZ's] insurance claim. Rec. Doc. 12 at 7. The Federal Rules of Civil Procedure provide that "court[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a)(2) provides a "general standard" by which courts should assess motions to amend pleadings, such a standard is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Plaintiffs have not previously requested leave of court to file an amended complaint. Although Mt. Hawley's motion to dismiss identified several important deficiencies in plaintiffs' complaint, Mt. Hawley has not argued that leave to amend would prove futile. *See* Rec. Doc. 11. Moreover, this litigation is still in the early stages, as a scheduling order has not yet been entered. Accordingly, the Court will formally allow NAZ's leave to file an amended complaint provided the amendment is timely filed and corrects noted deficiencies by June 10, 2022.

New Orleans, Louisiana this 27th day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE