**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NAZ, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-1893** |
| **MT. HAWLEY INSURANCE COMPANY** | **SECTION: "B" (4)** |

<u>**ORDER**</u>

Before the Court is a **Motion to Quash Defendants Subpoena Duces Tecum or Alternatively to Object to Defendants' Subpoenas Duces Tecum (R. Doc. 39)** filed by the Plaintiff, Naz, LLC ("Naz" or "Plaintiff") seeking an Order from the Court quashing or modifying 16 subpoenas issued by defendant, Mt. Hawley Insurance Company ("Mt. Hawley" or "Defendant") or alternatively to object to the subpoena duces tecum because the subpoenas request information that is not relevant under Rule 26. The motion is opposed. R. Doc. 41. The motion was heard on January 4, 2023.

I.    <u>**Background**</u>

    A.    **Introduction**

Plaintiff filed the complaint on October 15, 2021. R. Doc. 1. This action arises out of damage to two adjacent commercial properties owned by Plaintiff located at 2905 and 2909 Kingman Street, Metairie, Louisiana, caused by Hurricane Zeta on October 28, 2020. *Id*. at 3. Defendant is the property insurer of the properties. *Id*. Plaintiff contends he filed a claim with Defendant for property damage caused by Hurricane Zeta, however, Defendant denied the claim. *Id*.

Plaintiff alleges that Defendant received notice of the loss on December 10, 2020 and their forensic engineer inspected the properties on January 6, 2021 and found the roofs of the properties were not functionally damaged" by the winds of Hurricane Zeta. *Id*. Further, Plaintiff alleges that

he observed water damage on the inside of his buildings that was not present before Hurricane Zeta and located a hole in one of the building's roofs. *Id*. However, Plaintiff contends that he conveyed this information to Defendant, who then attributed this damage to inadequate maintenance. *Id*. Plaintiff asserted breach of insurance contract and bad faith claims against Defendant for damages.

### B.   Instant Motion

Plaintiff filed the instant motion on November 13, 2022. R. Doc. 39. Plaintiff contends that Defendant should not be allowed to conduct discovery for the Hurricane Ida litigation through non-party subpoenas in the instant litigation because the subpoenas bear no relevance to any issues presented in this Hurricane Zeta damage claim. R. Doc. 39-1, p. 4.

Plaintiff alleges that 10 of Defendant's 16 subpoenas request information of individuals or entities that are only related to Plaintiff's prior 2014 Philips litigation. *Id*. at 5. Plaintiff argues that Ali Shamsnia, D+S Metal Works, Fey Consulting, J.S. Specialists, K.R-Service-com, LLC, Read Consulting, LLC, Noor Construction, Inc., Tianliang Gu and TRC Electric had "nothing whatsoever to do with Plaintiff's subject Zeta claim." *Id*. Plaintiff alleges that these individuals were only involved in the Philips litigation. *Id*.

Plaintiff contends that there is no commonality between the damaged MRI machine claim in Plaintiff's 2014 lawsuit against Philips and the current roof damage claim due to water infiltration. *Id*. Plaintiff is alleging damage to his MRI machine from Hurricane Ida, which caused a sudden loss of power with the downing of a power pole that resulted in an improper shut down of the MRI machine. *Id*. However, Plaintiff contends that no claim is being made by Plaintiff that the MRI machine was damaged by water infiltration through the roof as a result of Ida. *Id*.

2

It is Plaintiff's position that all the subpoenas, including those to the "arguably relevant non-parties" (Simin Mirtaberi, Marlon Bonilla, Luis Musa, Mohammed Tareh, Stone Insurance Agency and When It Rains It Pours), are overly broad and not relevant. *Id.* at 6. Therefore, Plaintiff argues that the subpoenas should be modified to tailor the requests more narrowly. *Id.*

Alternatively, should this Court find that Naz lacks standing to quash or modify the subpoenas, then Plaintiff argues that it still has a right to object to the subpoenas because they are not relevant to any party's claim or defense and proportional to the needs of the case. *Id.* at 7. Simply put, Plaintiff argues that the damage from Hurricane Zeta is "completely different" than the MRI damage claim brought in 2014. *Id.* Plaintiff contends that the only relevance the information may have is to the Ida claim, in which discovery is prohibited because of the limitations of the CMO. *Id.*

Defendant filed an opposition to Plaintiff's instant motion on December 20, 2022. R. Doc. 41. Defendant alleges that the records associated with prior roof repairs and inspections are critical to its defense in this case. *Id.* at 3. Mt. Hawley alleges that it denied coverage for Plaintiff's insurance claim after the engineer it retained discovered evidence of prior repairs to preexisting roof openings, and no evidence of any roof openings created by Hurricane Zeta. *Id.* Accordingly, Mt. Hawley alleges it issued nonparty subpoenas to those identified in Dr. Shamsnia's deposition and the documents produced by Plaintiff as being involved in both inspections and repairs performed in connection with the Philips litigation in 2014. *Id.*

Defendant further avers that it issued 6 subpoenas to nonparties who were not involved in the Philips litigation but were identified in Plaintiff's document production and Dr. Shamsnia's deposition as entities or persons with information concerning prior repairs and damages to the Property. *Id.* at 6. Defendant argues that is apparent the subpoenaed entities have in their

3

possession, nonprivileged materials relevant to the condition of the Property before and after Hurricane Zeta. *Id*.

Defendant alleges that Plaintiff argues that that the 10 subpoenas issued to nonparties involved in the Philips litigation are not relevant to this litigation because the Philips litigation only concerned damage to the MRI machine, which is not part of Plaintiff's Hurricane Zeta claim. *Id*. However, Defendant contends this is false. *Id*. Defendant alleges that the Philips lawsuit involved a roof leak, engineering inspections and redesign of the roof, and extensive roof work including re-sealing and recaulking at various locations. *Id*. Defendant contends that this is the same roof that Plaintiff now claims in this case must be fully replaced due to damage caused by Hurricane Zeta. *Id*. Further, Defendant argues that it is the same roof that Mt. Hawley's engineer inspected and found evidence of extensive pre-existing repairs and deteriorated sealants. *Id*.

Defendant addresses several reasons that Plaintiff's instant motion should be denied. Specifically, Defendant argues that Plaintiff lacks standing to challenge the 16 nonparty subpoenas. *Id*. at 7. Defendant alleges that for a movant to challenge a subpoena issued to a nonparty for materials neither possessed nor controlled by the movant, the movant must demonstrate some personal right, privilege, or interest in the materials, which Plaintiff has not done. *Id*. Second, Plaintiff argues that the subpoenas are seeking materials that are relevant because all 16 of the subpoenas are directed toward nonparties identified during discovery as possessing knowledge and information of relevant information pertaining to Defendants defenses in this case. *Id*. at 10. Contrary to Plaintiff's assertions, Defendant argues that the Philips lawsuit was not limited to damage to the MRI machine. *Id*. Defendant alleges that Plaintiff's own corporate representative testified that the Philips lawsuit involved roof leaks above the Property's MRI room

that resulted in interior water damage to the Property's MRI room and, additionally, damage to the MRI machine itself. *Id*.

Regarding the remaining subpoenas issued to Marlon Bonilla, Luis Musa, Stone Insurance Agency, When It Rains It Pours, Mohammed Tareh, and Simin Mirtaheri, Defendant alleges that Plaintiff argues that the subpoenas are overbroad without attaching the subpoenas or referencing any specific command to produce documents. *Id*. at 11. However, Defendant avers that none of these nonparties have moved to quash the subpoenas for being overbroad.

## II.    <u>Standard of Review</u>

Rule 34 allows parties to serve on other parties a request for "documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). However, subpoenas duces tecum, governed by Rules 45 and 26, can be issued to non-parties, compelling them to produce documents and/or electronically store information in their "care custody, or control." Fed. R. Civ. P. 45(a)(1); *Sines v. Kessler*, 325 F.R.D. 563, 565 (E.D. La. 2018).

Rule 26 governs the scope of subpoenas duces tecum on non-parties, stating: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *See Sines*, 325 F.R.D. at 565. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 26(b)(1).

Additionally,  the proportionality analysis includes: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues;

and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*; 325 F.R.D. at 565.

Moreover, under Rule 26, the Court must limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). *Id.* at 26(b)(2)(C).

Rule 45 provides protection to non-parties, stating: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Non-parties that are served with subpoenas duces tecum may serve a written objection on the issuing party before the earlier of the time specified for compliance or 14 days after the subpoena is made. *Id.* at 45(d)(2)(B).

Rule 45 subpoena duces tecum generally requires the court to find that any objections not timely filed have been waived. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). Nonetheless, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Id.*; (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)) (citations and internal quotation marks omitted). In addition to serving written objections, the non-party's second option, under Rule 45(d)(3), is to file a motion to modify or quash the subpoena. *See Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018).

### III.  __Analysis__

Plaintiff has filed this instant motion requesting a Court order to quash the subpoenas issued to the following nonparties: Ali Shamsnia, D+S Metal Works, Fey Consulting, J.S. Specialists, K.R-Service-com, LLC, Read Consulting, LLC, Noor Construction, Inc., Tianliang Gu, TRC Electric, and Raymond C. Bergeron. Further, Plaintiff has requested that the Court modify and more narrowly tailor the subpoenas issued to Simin Mirtaheri, Marlon Bonilla, Luis Musa, Mohammed Tareh, Stone Insurance Agency and When It Rains It Pours.

During oral argument, Plaintiff's counsel alleged that Plaintiff's Zeta claim in this litigation, unlike Plaintiff's Ida claim, is not subject to a case management order. Plaintiff's counsel further alleged that Defendant cannot issue subpoenas for records to non-parties (as it has herein) for information related to the 2014 Philips litigation for damage related to Plaintiff's MRI within the Ida litigation. Therefore, it was Plaintiff's counsel's position that the Defendant appears to be using the subject litigation to conduct discovery that he otherwise would not be able to conduct in the Ida litigation.

Defense counsel argued that some of the subpoenas related to records regarding the MRI room have been issued because he is under the impression that Plaintiff is seeking to recover for damages related to the MRI room from defendants. Plaintiff then stipulated, on the record, that there is no claim for damages in the MRI room. Defense counsel accepted this stipulation and withdrew subpoenas issued to K.R-Service-com, LLC, and TRC Electric.

Rule 26 governs the scope of subpoenas duces tecum on non-parties, stating: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Therefore, if the

parties/entities that have been issued subpoenas are relevant to any party's claim or defense, then the information they possess is discoverable.

The Court finds that Plaintiff does have a personal interest in the material being sought in the nonparty subpoenas that have been issued because he has claims related to the damages of the building, i.e. the information being sought in the subpoenas. Thus, Plaintiff has standing to challenge the subpoenas.

However, the Court finds that Defendant has shown that the subpoenas issued to Ali Shamsnia, D+S Metal Works, Fey Consulting, J.S. Specialists, Read Consulting, LLC, Noor Construction, Inc., Tianliang Gu, Simin Mirtaheri, Marlon Bonilla, Luis Musa, Mohammed Tareh, Stone Insurance Agency and When It Rains It Pours are relevant and will allow them to proceed. Specifically, Defendant alleges that the subpoenaed individuals were identified in Dr. Shamsnia's deposition and the documents produced by Plaintiff as being involved or possessing information concerning both inspections and repairs performed in connection with the Philips litigation.

While the Court deems the issued subpoenas relevant, the Court sets a temporal limitation for the information sought in the subpoenas to the time period of October 28, 2020 to August 15, 2021. With respect to Read Consulting, LLC and Tiangling Gu, the Court further limits the information sought in the subpoenas to information solely pertaining to the chillers on the roof.

**IV.**   <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Quash Defendant's Subpoenas Duces Tecum, or Alternatively, to Object to Defendant's Subpoena Duces Tecum (R. Doc. 39)** is **DENIED,** subject to the modifications above.

New Orleans, Louisiana, this 26<u>th</u> day of January 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**