**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| NAZ, L.L.C. ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-1893 |
| MT. HAWLEY INSURANCE COMPANY | SECTION "B"(4) |

<u>ORDER AND REASONS</u>

Before the Court are defendant's motion for partial summary judgment on plaintiff's bad faith claims (Rec. Doc. 49), plaintiff's opposition (Rec. Doc. 53), and defendant's reply memorandum in support of its motion (Rec. Doc. 54). For the following reasons,

**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment on plaintiff's bad faith claims is **GRANTED in part as to any claims of bad faith arising on or before April 13, 2021, and DENIED in part as to any claims of bad faith arising on or after June 10, 2022.**

I.   <u>FACTS AND PROCEDURAL HISTORY</u>

On October 28, 2020, Hurricane Zeta hit Metairie, Louisiana. *See* Rec. Doc. 1 at 3. Plaintiffs Naz, LLC ("Naz") and Shamsnia Neurology, LLC ("Shamsnia Neurology"), Louisiana limited liability companies registered and doing business in Louisiana, and plaintiff Morteza Shamsnia, an adult citizen of Jefferson Parish in Louisiana, allege that the storm damaged real and personal property located at 2905 and 2909 Kingman Street, Metairie, Louisiana 70006 ("Kingman Street properties"). *Id.* at 2-3. Specifically, Shamsnia observed

1

water damage inside the buildings and located a hole in the roof of one of the properties. *Id.* at 3. In December 2019, defendant Mt. Hawley, an Illinois insurance company, issued a commercial insurance policy, bearing policy number MCP0168598, for the Kingman Street properties. *Id.* at 2-3; *see also* Rec. Doc. 11-2 at 3. Naz is the named insured on Mt. Hawley's insurance policy. Rec. Doc. 11-2 at 3.

On December 10, 2020, Shamsnia notified Mt. Hawley about the hurricane related damage. Rec. Doc. 1 at 3. Mt. Hawley then retained independent adjusters Engle Martin & Associates ("EMA") and a forensic engineer from US Forensic and set up a joint inspection of plaintiff's property. *See* Rec. Doc. 49-1 at 1. US Forensic found "no evidence of any wind-created openings in the roof or exterior cladding of the Property that resulted from Hurricane Zeta," instead finding "extensive evidence of preexisting roof damage and prior repairs," of which any resulting damage was explicitly excluded by the policy. *See id.* at 1-2.

EMA on the other hand "reported some very isolated wind damage to the rooftop AC condenser's metal door and the first level parking garage's acoustic ceiling tiles and suspended grids," however the estimated damages, $20,891.17, were below the policy deductible. *See id.* at 2; Rec. Doc. 49-4 at 2.

Based on the reports from US Forensic and EMA, Mt. Hawley denied coverage of plaintiffs' claims. Rec. Doc. 49-1 at 2. In response to plaintiffs' disagreement with Mt. Hawley's conclusion, Mt. Hawley

directed US Forensic to perform a reinspection of the subject property. *See* Rec. Doc. 49-1 at 2. US Forensic's reinspection reaffirmed its findings and conclusions in its initial report. *Id.* Mt. Hawley then reaffirmed its denial to the insured.

Naz, Shamsnia Neurology, L.L.C., and Morteza Shamsnia, M.D. filed then suit against Mt. Hawley Insurance Company on October 15, 2021. In their original complaint, plaintiffs sought "all general and special damages, penalties and attorney fees . . . ," and further alleged that defendant's "failure to properly and justly pay Petitioner's claim is in bad faith, arbitrary, capricious, without probably cause and violates the duty of good faith and fair dealing." Rec. Doc. 1 at 4.

Mt. Hawley then filed a 12(b)(6) motion to dismiss for failure to state a claim arguing that the complaint "fail[ed] to allege any misconduct or state any specific cause of action against Mt. Hawley whatsoever." Rec. Doc. 11-1 at 1. Further, defendant argued that plaintiffs Shamsnia Neurology L.L.C. and Mortzena Shamsnia, M.D. lacked standing to pursue any claim against defendant. *See id.* at 2. This Court granted defendant's motion to dismiss, finding that defendant's contention that Shamsnia Neurology L.L.C. and Mortzena Shamsnia, M.D. lacked standing was unopposed, "plaintiffs proffered facts, standing alone, are insufficient to state a claim for breach of an insurance contract under Louisiana law," and "plaintiffs have not stated a predicate breach of contract claim under Louisiana law

3

that would warrant the recovery of penalties under Louisiana Revised Statutes 22:1973 and 22:1892," and plaintiffs have stated nothing more than conclusory allegations that defendant violated Louisiana Revised Statutes 22:1973 and 22:1892. *See id.* at 4-9. However, the Court allowed plaintiff leave of court to file an amended complaint. *See id.* at 10.

Plaintiff Naz filed its amended complaint on June 13, 2022. *See* Rec. Doc. 36. In its amended complaint, plaintiff alleges breach of insurance contract and bad faith of defendant. *See id.*  4-6. Defendant filed the instant motion for partial summary judgment on plaintiff's bad faith claims. *See* Rec. Doc. 49.

## II.  LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party,

without "making credibility determinations or weighing the evidence." *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

**B. Louisiana Substantive Law**

The Fifth Circuit has interpreted the United States Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), to "require[] that federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so

apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Here, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. *See* Rec. Doc. 36 at 1. As such, the Court must apply substantive state law. *See Cates*, 928 F. 2d at 687. Both parties seemingly concede that Louisiana substantive law should apply in the instant matter. *See* Rec. Doc. 49-1 at 3; Rec. Doc. 53 at 4. Whereas the plaintiff alleges causes of action for breach of the insurance contract and bad faith, defendant's partial motion for summary judgment only attacks plaintiff's bad faith claims.

Plaintiff argues that Louisiana Revised Statutes § 22:1892 and § 22:1973 apply in the instant matter. Louisiana Revised Statute § 22:1892(a) states that the insurer "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured or any party in interest." La. Rev. Stat. § 22:1892(A). The statute goes on further to state:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss . . . .

La. Rev. Stat. § 22:1892(B)(1). Louisiana Revised Statute § 22:1973 establishes that insurers owe a duty of good faith and fair dealing to their insured. *See* La. Rev. Stat. § 22:1973(A). An insurer

breaches this duty when it fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. Rev. Stat. § 1973(B)(5).

In order to recover statutory penalties under both statutes, plaintiff must establish, "(i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." *Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (internal quotations omitted) (quoting *Boudreaux v. State Farm Mut. Auto Ins. Co.*, 2004-1339 (La. App. 4 Cir. 2/2/05); 896 So. 2d 230, 233). "[T]he insured bears the burden of proving that the insurer received satisfactory proof of loss." *Adv. Sleep Ctr. v. Certain Underwriters at Lloyd's*, 16-525 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1220, 1230 (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107 (La. 10/21/03); 857 So. 2d 1012, 1019). Notice of the claim alone is not sufficient to "apprise the insurer of the claim and extent of damages and is not sufficient to constitute satisfactory proof of loss." *See id.* (citation omitted). Once the insurer receives satisfactory proof of loss, the statutory timelines are triggered and begin to run. *See Grilletta*, 558 F.3d at 368; *Feingerts v. La. Citizens Prop. Ins. Corp.*, 2018-0381 (La. App. 4 Cir. 2/13/19); 265 So. 3d 62, 67

(quoting *Citadel Broad. Corp. v. Axis. U.S. Ins. Co.*, 2014-0326, pp. 6-7 (La. App. 4 Cir. 2/11/15); 162 So. 3d 470, 476).

Under Louisiana law, where the insurer disputes the extent of the loss, the insurer still must "tender the reasonable amount which is due[.]" *Feingerts*, 265 So. 3d at 67 (internal quotations and citations omitted); *see also La. Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08); 999 So. 2d 1104, 1114-15 (insurer must tender undisputed portion of the claim to avoid penalties). Accordingly, "[a]n insurer who fails to tender any amount within the statutory period must have relied on a reasonable defense that would preclude recovery in order to avoid a bad faith finding." *Feingerts*, 265 So. 3d at 67. Where an insurer "has a reasonable basis to defend the claim and acts in good-faith reliance on that defense," statutory penalties are inappropriate. *Reed*, 857 So. 2d at 1021 (citing *Rudloff v. La. Health Servs. & Indemnity Co.*, 385 So. 2d 767, 771 (La. 1980)). Further, "bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists." *Id.* (citation omitted). "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause *depends on the facts known to the insurer at the time of its action*," and is generally a question to be decided by a jury. *See Id.* (emphasis added) (citation omitted); *Feingerts*, 265 So. 3d at 67.

Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the

reasonableness of the insurer's actions. *See Hartenstein v. State Farm Fire & Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3, *3 n.22 (E.D. La. June 10, 2008). However, courts have found summary judgment on bad faith claims appropriate where there was found to be no genuine issue of material fact resulting in the inability to prevail on those claims at trial. *See Jouve v. State Farm Fire & Cas. Co.*, 2010-1522 (La. App. 4 Cir. 8/17/11); 74 So. 3d 220, 226-28, *writ denied*, 2011-2250 (La. 11/23/11); 76 So. 3d 1157; *Gates v. Auto Club Fam. Ins. Co.*, No. 06-4394, 2007 WL 1464259, at *4 (E.D. La. May 17, 2007) (granting summary judgment when plaintiffs failed to provide any facts to indicate that insurers conduct was arbitrary or capricious); *Duhon v. State Farm Mut. Auto. Ins. Co.*, 2006-1413 (La. App. 3 Cir. 3/7/07); 952 So. 2d 908, 911-12 (distinguishing between genuine issues of material fact regarding whether plaintiff can prevail on the merits at trial, and genuine issues of material facts as to whether defendant had a reasonable basis for defending plaintiff's claim).

Here, Hurricane Zeta hit Metairie, Louisiana on October 28, 2020. *See* Rec. Doc. 1 at 3. Plaintiff allegedly observed water damage inside its property located at 2905 and 2909 Kingman Street, Metairie, Louisiana 70006. *See id.* at 2-3. Then on December 10. 2020, plaintiff notified its insurer, defendant Mt. Hawley, of the alleged hurricane damage. *See id.* at 3. Defendant proceeded to retain EMA and US Forensic to inspect plaintiff's property. *See* Rec. Doc. 49-1

at 1. US Forensic found "no evidence of any wind-created openings in the roof or exterior cladding of the Property that resulted from Hurricane Zeta," but instead found "extensive evidence of preexisting roof damage and prior repairs," of which any resulting damage was explicitly excluded by the policy. *See id.* at 1-2. EMA "reported some very isolated wind damage to the rooftop AC condenser's metal door and the first level parking garage's acoustic ceiling tiles and suspended grids," however the estimated damages were below the policy deductible. *See id.* at 2. Ultimately, defendant denied coverage for plaintiff's claims. *Id.* However, in response to plaintiff's disagreement with the assessment, defendant instructed US Forensic to reinspect the property, which resulted in US Forensic reaffirming its initial findings and conclusions. *Id.* Finally, on April 13, 2021, defendant formally denied coverage of plaintiff's claims. Rec. Doc. 53-1 at 2.

Importantly, plaintiff failed to provide defendant or this Court with any evidence to suggest that defendant acted in an arbitrary or capricious manner when it denied coverage on April 13, 2021. Considering the record and plaintiff's failure to present defendant with any contrary evidence at the time of defendant's denial of coverage, as a matter of law there is no genuine issue of material fact as to whether plaintiff could prevail at trial for any alleged claim arising from defendant's denial on April 13, 2021. Therefore, any claim for bad faith under La. Rev. Stat. §

22:1892(B)(1) or § 22:1973 as related to defendant's denial of coverage on April 13, 2021, must be **DISMISSED**, and partial summary judgment is **GRANTED in part** in defendant's favor.

However, "an insurer has a continuing duty of good faith and fair dealing which extends throughout the litigation period[.]" *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08); 988 So. 2d 186, 199, *on reh'g in part* (July 7, 2008). Whereas plaintiff failed to present defendant with any contrary evidence prior to filing suit, on June 10, 2022, plaintiff's counsel emailed a detailed estimate, a forensic meteorologist report, and an engineering report to defense counsel. *See* Rec. Doc. 53-4 at 1. Nickie G. Cammarata, P.E., in their engineering report opines that, "Given that the maximum wind speed determined by FWC was less than design wind speed, it is not unusual for winds of the magnitude cited to cause exterior claddings to displace in a more subtle manner that can . . . permit rainwater to enter the building . . . ." Rec. Doc. 53-3 at 5. Cammarata further provides other testimony that plaintiff's property was adversely affected by Hurricane Zeta. *See id.*

As stated, the Court is precluded from weighing the evidence or making factual determinations concerning the reasonableness of the insurer's actions. When plaintiff provided defendant with copies of the reports, whether defendant's subsequent refusal to pay plaintiff after receiving plaintiff's reports is a question of fact reserved for the jury. *See Feingerts*, 265 So. 3d at 67 (internal quotations

11

and citations omitted) ("Arbitrariness is a question of fact to be decided by the jury."). With competing reports from defendant and plaintiff, the Court cannot "mak[e] credibility determinations or weigh[] the evidence." *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Therefore, the Court finds there exists genuine issues of material fact as to the reasonableness of Mt. Hawley's action/inaction after receiving plaintiff's reports. As such, summary judgment as to these claims would be inappropriate. Accordingly, plaintiff's claims for bad faith to the extent that they are related to events after June 10, 2022, remain and defendant's partial motion for summary judgment must be **DENIED in part** to that effect.

New Orleans, Louisiana this 15th day of March, 2023

_____

SENIOR UNITED STATES DISTRICT JUDGE